1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9    JUNHO HYON,

10              Plaintiff,                    No. CIV 12-1235 JAM EFB PS

11         vs.

12   SEI SHIMOGUCHI; COMMISSION
     ON JUDICIAL PERFORMANCE;
13   and DOES 1-10, inclusive,

14              Defendants.            FINDINGS AND RECOMMENDATIONS

15   _____/

16         This case, in which plaintiff is proceeding *in propria persona*, was referred to the

17   undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff seeks

18   leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Plaintiff's declaration makes

19   the showing required by 28 U.S.C. § 1915(a)(1) and (2).  *See* Dckt. No. 2.  Accordingly, the

20   undersigned recommends the request to proceed *in forma pauperis* be granted.  28 U.S.C.

21   § 1915(a).

22         Determining plaintiff may proceed *in forma pauperis* does not complete the required

23   inquiry.  Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it

24   determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to

25   state a claim on which relief may be granted, or seeks monetary relief against an immune

26   defendant.

1

1    Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

2   520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if

3   it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

4   *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

5   (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of

6   his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

7   a cause of action's elements will not do. Factual allegations must be enough to raise a right to

8   relief above the speculative level on the assumption that all of the complaint's allegations are

9   true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable

10   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

11   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12    In reviewing a complaint under this standard, the court must accept as true the allegations

13   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

14   (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

15   the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must

16   satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule

17   8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the

18   pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the

19   grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

20   (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

21    Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only

22   those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins.*

23   *Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 &

24   1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question

25   jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2)

26   allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

2

1  (3) be authorized by a federal statute that both regulates a specific subject matter and confers

2  federal jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity

3  jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

4  matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*

5  *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

6  of the federal courts unless demonstrated otherwise.  *Kokkonen,* 511 U.S. at 376-78.  Lack of

7  subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*

8  *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

9      Here, plaintiff alleges that the Commission on Judicial Performance and its staff counsel,

10  Sei Shimoguchi, were negligent and violated "Federal Rule 1.01" by rejecting plaintiff's

11  repeated requests to investigate and censure a California judge.  Dckt. No. 1 at 2, 6.  However,

12  plaintiff's claim against the Commission on Judicial Performance must be dismissed because the

13  Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a

14  state or state agency unless the state or the agency consents to such suit, and the Commission on

15  Judicial Performance has not consented to suit.  *See Quern v. Jordan*, 440 U.S. 332 (1979);

16  *Alabama v. Pugh*, 438 U.S. 781 (1978); *Lupert v. California State Bar*, 761 F.2d 1325, 1327 (9th

17  Cir. 1985); *Jackson v. Hayakawa*, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  The claim against

18  Shimoguchi is also barred by the Eleventh Amendment since plaintiff's claims against

19  Shimoguchi are based entirely on Shimoguhi's conduct in carrying out his/her official duties,

20  and Shimoguchi has not consented to suit.  *Pennhurst State School & Hosp. v. Halderman*, 465

21  U.S. 89, 121, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ("[A] claim that state officials violated state

22  law in carrying out their official responsibilities is a claim against the State that is protected by

23  the Eleventh Amendment."); *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir.

24  2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state,

25  its agencies, and state officials acting in their official capacities.").

26  ////

3

1    Moreover, even if plaintiff's claims were not barred by the Eleventh Amendment,

2    plaintiff does not allege a valid basis for this court's subject matter jurisdiction.  Although

3    plaintiff contends that defendants violated "Federal Rule 1.01," it is unclear what that rule is or

4    whether it creates a private right of action.  Further, to the extent plaintiff purports to allege a

5    claim against Shimoguchi under 42 U.S.C. § 1983, that claim would fail.  To state a claim under

6    § 1983, plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and

7    (2) that the violation was committed by a person acting under the color of state law.  *See West v.*

8    *Atkins*, 487 U.S. 42, 48 (1988).  Here, plaintiff's complaint fails to identify any constitutional

9    rights that Shimoguchi allegedly violated, nor does plaintiff explain how Shimoguchi's actions

10   resulted in the deprivation of any constitutional right.

11   Therefore, the complaint will be dismissed.  The undersigned has carefully considered

12   whether plaintiff may amend his complaint to state a claim upon which relief can be granted.

13   "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and

14   futility."  *Cal. Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir.

15   1988); *see also Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276,

16   1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not

17   have to allow futile amendments).  In light of the obvious deficiencies of plaintiff's complaint

18   noted above, the court finds that it would be futile to grant plaintiff leave to amend.

19   Accordingly, IT IS HEREBY RECOMMENDED that:

20   1.  Plaintiff's request for leave to proceed *in forma pauperis* be granted;

21   2.  The complaint be dismissed without leave to amend; and

22   3.  The Clerk be directed to close this case.

23   These findings and recommendations are submitted to the United States District Judge

24   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

25   after being served with these findings and recommendations, any party may file written

26   objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 29, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE